United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
| --- | --- |
| v. | AND APPEARANCE BOND |
| Tom Blaha, Defendant. | Case Number: 20-172M |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- [ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
- [ ] Upon **Bond** executed by the defendant in the amount of $_____, and
  secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below. $1 million

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [✓] New York City; [✓] Long Island, NY; [ ] New York State; [ ] New Jersey; [ ] _____ and travel to and from this Court and the permitted areas.
[ ] 2. The defendant must avoid all contact with the following persons or entities: _____
[ ] 3. The defendant must avoid and not go to any of the following locations: _____
[ ] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
[ ] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  - [ ] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  - [ ] b. must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
  - [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  - [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  - [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
    - [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
  - [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
[✓] 6. Other Conditions: See Page 2 of bond

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $_____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [ ] cash deposited in the Registry of the Court in the sum of $_____;
- [ ] premises located at: 7 Meadow St. (Laurel Hs) NY owned by defendant _____.
- [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

_____ Address: _____ Date
, Surety

_____ Address: _____
, Surety

_____ Address: _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

_____
Signature of Defendant

Release of the Defendant is hereby ordered on 2/20 2020.

s/ Scanlon

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

*USA -v- Tom Blaha 20-172M)  Page 2 of 3*

1. Report to Pretrial Services as directed;

2. Restrict travel to New York City and Long Island;

3. Surrender passport(s) and do not apply for any travel documents;

4. Be subject to random home and employment visits;

5. Submit to drug testing, evaluation, and treatment as deemed necessary by Pretrial Services; and

6. In accordance with the Adam Walsh Child Protection and Safety Act of 2006, the defendant is subject to the following additional bail conditions:

• The defendant is subject to location monitoring with home detention, with authorization to leave for verifiable and stationary employment, medical appointments, mental health treatment, attorney visits, court appearances, court-ordered obligations, and other activities pre-approved by the U.S. Pretrial Services Agency.

• The defendant shall not have any contact or association with any individual under the age of 18, except when the minor is in the presence of another adult who is the parent or legal guardian of the minor and the defendant's biological children or minor-aged legal dependents, but contingent upon the completion of a mental health evaluation specific to the offense indicating the defendant does not pose a danger to such persons.

• The defendant may not communicate with any individual under the age of 18 in writing, over the telephone or via any electronic means *unless the child is in the presence of the parent or legal guardian.*

• The defendant shall avoid areas frequented by children under the age of 18, including school yards, parks, playgrounds, fast food restaurants near schools and arcades.

• The defendant must avoid all contact, direct or indirect, with any person who is or who may become a victim or potential witness in the subject investigation or prosecution.

• The defendant may not possess any firearm, destructive device, or other dangerous weapons.

• The defendant must undergo mental health evaluation and/or treatment specific to the offense charged, as directed by the U.S. Pretrial Services Agency.

• The defendant may not use a computer and/or access the internet except as may be necessary for employment or educational purposes only.

• Pretrial Services may inspect any computer/router or devices with Internet access belonging to the defendant *or used by D.* and install computer monitoring software as deemed appropriate. The defendant must pay all or part of the cost of the monitoring software.

Docket No. 20-172M

PAGE 3 OF 3

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: Tom Blahy           Amount of Bond: $ 1m

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

|  | Address | Date | Acknowledged Before |
|---|---|---|---|
| Surety: | | | _____ USMJ |
| Surety: | | | _____ USMJ |
| Surety: | | | _____ USMJ |
| Surety: | | | _____ USMJ |
| Surety: | | | _____ USMJ |
| Surety: | | | _____ USMJ |

Signed and Acknowledged by all the above sureties before me on _____, 20___   _____, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

(2) Premises located at: 92 Suffolk C, Boca Raton FL.
Owned by: defendant

(3) Premises located at: 1031 Cornwell St. Boca Raton FL.
Owned by: defendant

(4) Premises located at: 163 Fanshaw Boca Raton FL.
Owned by: defendant

3/5/20

1/3 interest in Memory Protection Devices.