

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:ALK
F. #2020R00209

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 6, 2022

<u>By Email and ECF</u>

The Honorable Joan M. Azrack
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Thomas Blaha
                 <u>Criminal Docket No. 20-220 (JMA)</u>

Dear Judge Azrack:

      The government submits this letter in advance of the defendant's sentencing, which is scheduled for October 13 at 12:00 p.m. On February 10, 2022, the defendant pleaded guilty before the Honorable Steven L. Tiscione, United States Magistrate Judge, to Count Three of the Indictment, which charges him with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(c). On February 16, 2022, this Court accepted the defendant's guilty plea. For the reasons below, the government submits that a sentence within the range of 180 to 210 months' imprisonment, the United States Sentencing Guidelines ("Guidelines") range calculated in the plea agreement, is appropriate in this case.

    I.    <u>Background</u>

      The count to which the defendant pleaded guilty stems from his repeated exploitation of a then 13-year-old girl who lives in the Philippines ("Jane Doe"). As described below, the defendant paid Jane Doe's older sister for sexually explicit images and videos of Jane Doe. The defendant also traveled to the Philippines to take sexually explicit images of Jane Doe and sexually abuse Jane Doe.[1]

      In or about November 2019, Homeland Security Investigations ("HSI") received information from the National Center for Missing and Exploited Children ("the NCMEC") indicating that a Facebook account belonging to the defendant was communicating with another

---

    [1]    Jane Doe's older sister is charged in the Philippines for her role in facilitating Jane Doe's abuse and exploitation.

Facebook account belonging to an apparent minor located in the Philippines (Jane Doe). PSR ¶ 4. The NCMEC reported that the communications reflected that the defendant appeared to be enticing Jane Doe to produce and send explicit videos of herself to him and that he had traveled to the Philippines to engage in sexual activity with Jane Doe in exchange for money. Id. ¶ 5. HSI investigated the tip and confirmed that the Facebook account did, in fact, belong to the defendant. HSI further determined that Jane Doe was a 13-year-old resident of Manila, Philippines.

Records obtained from Facebook in response to a judicially authorized search warrant confirmed the information provided by the NCMEC. For instance, on October 4, 2019, the defendant wrote to Jane Doe that he loved and missed her, that he would see her in two weeks, and that he "want[ed] to pet it." Id. ¶ 7. Then, approximately two weeks later, on October 17, 2019, the following exchange occurred:

>   Jane Doe: hi baby is it ok if we resdule our meeting tomorrow because im busy on 19 to my school???
> 
>   Blaha: Can you send me a few mirror pictures in underwear?
> 
>   Blaha: Babe, 130,00 pesos without fuck or 200,000 pesos with fuck??
> 
>   Jane Doe: 200 pesos can do everything baby but no sex baby pls in not ready yet . . .
> 
>   Blaha: So you choose 130,000 pesos, everything but fuck, that's fine
> 
>   . . .
> 
>   Blaha: See you later lover!! Shave your pussy, ok?

Id. The next day, on October 18, 2019, the defendant told Jane Doe that he "promise[d] to think of [her] everyday till [he] come[s] back in January." Id. The same day, Jane Doe asked the defendant, "baby when did i got my money hope you don't mind i need for my mom." Id. The defendant responded that he would "send to your sisters [sic] bank like last time, takes a few days for international processing." Id. Customs documents and passport records reflected that the defendant traveled to the Philippines from on or about September 14, 2019, to on or about September 26, 2019, and from on or about October 10, 2019, to October 26, 2019. Id. ¶ 5.

The messages additionally reflect that the defendant also paid Jane Doe to create videos of herself engaging in sexually explicit conduct. For instance, on or about September 23, 2019, Jane Doe wrote, "My sister has offer on me she said you want me to make 3 video[s] with vibrator. Id. I agree with her but can you make 30k for that it[']s [hard] for me." The defendant wrote back, "Ok my love . . . Make me happy." Id. On or about December 13, 2019, HSI searched the defendant's Garden City residence and seized several electronic devices pursuant to a judicially authorized search warrant. A search of the defendant's computer revealed numerous images of

2

Jane Doe, including a video of Jane Doe using a vibrator on her genitals, as requested by the defendant on September 23, 2019. Id. ¶ 9.

Searches of the defendant's devices also revealed approximately 699 unique images and 112 unique videos containing child pornography. The following are descriptions of some of the child pornography images:[2]

- an image of an approximately four- to six-year-old girl lying on a bed fully nude with her legs spread open, exposing her vagina. An apparent adult male is penetrating the child's vagina with his penis;

- an image of an approximately four- to six-year-old girl lying naked on her back with her legs spread open, exposing her vagina and anus. The girl appears to be restrained on a table with rope. The girl's arms are tied above her head and her legs are held open by the rope, exposing her vagina and anus;

- an approximately nine- to eleven-year-old girl with an apparent leash or strap around her neck. The girl has an apparent adult male penis inserted into her mouth; and

- an approximately four- to six-year-old girl, nude on a bed exposing her anus. An adult male is sitting on the girl's legs, holding his penis with one hand and appearing to be holding the female child down with the opposite hand. There is semen on the girl's back side.

Id. ¶ 10.

II. The Guidelines Calculation

The government agrees with the Guidelines calculation set forth in the Presentence Investigation Report, which is set forth below:

| | | |
|---|---|---|
| Base Offense Level (§ 2G2.1(a)) | | 32 |
| Plus: Victim Attained Age of Twelve But Not Sixteen (§ 2G2.1(b)(1)(B)) | | +2 |
| Plus: Offense Involved Commission of a Sexual Act (§ 2G2.1(b)(2)(A)) | | +2 |
| Plus: Distribution of images of child pornography (§ 2G2.1(b)(3)) | | +2 |

---

[2] The age approximations set forth here are estimates made by law enforcement agents based on their training, experience and knowledge of the investigation.

3

|       |                                                                                                                                                                                  |       |
| ----- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ----- |
| Plus: | Offense Involved Use of a Computer or Interactive Computer Service to Solicit Participation with a Minor in Sexually Explicit Conduct (§ 2G2.1(b)(6)(B)(i))                       | +2    |
| Less: | Acceptance of Responsibility (§ 3E1.1(a) and (b))                                                                                                                                 | -3    |
|       | Total:                                                                                                                                                                            | 37    |

PSR ¶¶ 18-30. The total offense level is 37, which carries an advisory Guidelines range of 210 to 262 months' imprisonment, given that the defendant falls within Criminal History Category I. Id. ¶ 83.

This calculation differs from the government's prior estimate set forth in the plea agreement. The government's estimate did not include a two-level enhancement for distribution of child pornography. Accordingly, the plea agreement calculated a total offense level of 35, which resulted in an effective Guidelines range of 180 to 210 months' imprisonment, given that the statutory minimum term of imprisonment is 180 months.

The government submits that the PSR correctly calculates the applicable Guidelines range but does not seek a sentence above the Guidelines estimate set forth in the plea agreement.

### III. The Appropriate Sentence

Given the egregious nature of the defendant's crimes, the government respectfully requests that the Court impose a sentence within 180 to 210 months of imprisonment—the effective Guidelines range calculated in the plea agreement.

Section 3553(a) requires sentencing courts to consider a number of factors in imposing sentence, including the nature and circumstances of the violation and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the violation, promote respect for the law, and provide just punishment; the need for the sentence to adequately deter criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed education, vocational training, medical care and/or other correctional treatment in the most effective manner. Sentencing courts must also consider the kinds of sentences available, the applicable Guidelines and pertinent policy statements, and the need to avoid unwarranted sentencing disparities.

This case involves heinous conduct. The defendant targeted a young and exceptionally vulnerable victim to satisfy his own depraved desires. The defendant was fully aware of Jane Doe's age and her vulnerable circumstances, including that her sister was orchestrating her exploitation and her family required money for their ill mother. The defendant not only paid for sexually explicit videos of Jane Doe—a 13-year-old girl at the time—he also traveled to the Philippines and sexually abused her. The trauma he caused cannot be overstated. As Jane Doe states in her Victim Impact Statement, she suffers from anxiety and depression. She has trouble sleeping and experiences flashbacks. She suffers from intense self-blame and guilt.

Her life was derailed by a depraved, selfish criminal with no regard for the consequences of his actions. Simply put, the defendant's conduct is nothing short of horrific.

In addition to exploiting and abusing Jane Doe, the defendant also possessed hundreds of images of sexual abuse of other children. Each time those images are shared, the children in them are victimized all over again. United States v. Reingold, 731 F.3d 204, 216 (2d Cir. 2013) ("As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse."). Moreover, possession of child pornography fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)).

A substantial sentence is also necessary for both general and specific deterrence. The message must be clear that those who sexually abuse children and entice children to make pornographic videos over the internet will be met with a substantial term of incarceration. As to specific deterrence, there is little doubt that if the defendant had not been arrested, his sexual exploitation of children would have continued. The defendant must be incapacitated to ensure he will not victimize any additional children.

In his sentencing memorandum, the defendant attempts to shift the blame to Jane Doe's sister, alleging that he "acquiesced" to her demands for money in exchange for sexually explicit images of Jane Doe. The Court should reject the defendant's transparent attempts to minimize his own egregious conduct. The defendant repeatedly requested sexually explicit images of Jane Doe—a 13-year-old girl—in exchange for money. He admits he went to the Philippines, where he took photographs of Jane Doe naked in "explicit" poses and engaged in "physical contact" with Jane Doe.

The defendant also argues that his age and health conditions warrant a sentence at the bottom of the Guidelines. While the government agrees that the Court may consider the defendant's age and health, neither his age nor his health conditions (which existed at the time of the offense conduct in this case) deterred the defendant from committing these crimes. Moreover, the Second Circuit has refused to entertain arguments that a defendant's older age reflects a decreased risk of recidivism "where the evidence shows that aging clearly has not increased a defendant's respect for the law." United States v. Turner, 629 F. App'x 66, 68 (2d Cir. 2015) (summary order) (internal quotation marks and alterations omitted) (quoting United States v. Trupin, 475 F.3d 71, 76 (2d Cir. 2007), vacated on other grounds, 552 U.S. 1089 (2008)); cf. U.S.S.G. § 5H1.1 (noting that age "may be relevant in determining whether a departure is warranted if considerations based on age . . . are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines").

IV. <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that a sentence between 180 to 210 months is appropriate in this case.

Respectfully submitted,

BREON PEACE
United States Attorney

By:       /s/
Anna L. Karamigios
Assistant U.S. Attorney
718-254-6225

cc: Counsel of Record (by email and ECF)
U.S. Probation Officer Gregory Giblin (by email)