```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
```

| | |
|---|---|
| UNITED STATES OF AMERICA | DECLARATION OF ASSISTANT UNITED STATES ATTORNEY DANIEL SAAVEDRA IN SUPPORT OF AN ORDER OF GARNISHMENT |
| -against- | |
| THOMAS BLAHA, | |
| Defendant, | Criminal Docket No. CR-20-0220 (JMA) |
| and | |
| MEMORY PROTECTION DEVICES, INC., | |
| Garnishee. | |

```
-------------------------------------X
```

**Daniel Saavedra** hereby declares as follows:

1. I am an Assistant United States Attorney, of counsel to Breon Peace, United States Attorney for the Eastern District of New York, attorney for the United States of America, and am responsible for the collection of the judgment against the Defendant Thomas Blaha ("Defendant") in the above-referenced case.

2. On August 16, 2023, the Government initiated this garnishment proceeding by the filing of an application for a Writ of Continuing Garnishment. That application was filed in order to enforce the judgment of restitution imposed by the Court on November 2, 2022 in the amount of $963,877.00, plus interest, against the Defendant and in favor of the United States of America.

3. As of September 18, 2023, the Defendant has made payments totaling $454,062.38 toward the restitution judgment. As of September 18, 2023, the Defendant is currently indebted to the United States of America in the amount of $509,814.62. Interest is continuing to accrue on the debt.

4. On August 16, 2023, the Government served Memory Protection Devices, Inc. (the "Garnishee" or "MPD"), via counsel, with the Government's Application for Writ of Continuing Garnishment, the Writ of Continuing Garnishment, Instructions to the Garnishee and related documents.

5. The Defendant was properly served, via counsel, with the Writ of Continuing Garnishment and notified of his right to a hearing or to file a claim for exemption, but has not requested a hearing, claimed an exemption, or otherwise contested the garnishment proceeding, and the statutory time to do so has expired.

6. On August 22, 2023, MPD, via an affirmation from its President and Shareholder, Charles B. Engelstein, served an Answer to the Writ of Continuing Garnishment, which was subsequently entered on the docket sheet as Document Number 54 that same day, and which stated that it had the following non-earnings property in its custody, control, or possession: "Sixty-six and 2/3 shares (66 2/3) of the common stock of the Garnishee representing 33 1/3% of all outstanding shares [of MPD]."

7. MPD also averred that, pursuant to the Defendant's employment contract, Charles Engelstein, a shareholder and President of MPD, exercised a non-discretionary contractual option to purchase the aforementioned shares of common stock from the Defendant for the sum of $400,000.00.

8. MPD further averred that it does not have custody, control, or possession of any other property in which Defendant maintains an interest.

9. Pursuant to 18 U.S.C. § 3613, the United States is empowered to enforce a restitution judgment against any and all property and rights to property of the defendant.

10. The Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, further

authorizes the United States to garnish property in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor.

11. Pursuant to the Writ of Continuing Garnishment and, as provided in 28 U.S.C. § 3205(c)(6), MPD, as the garnishee, is required to withhold and retain, pending further order of the court, any property in which the Defendant has a substantial non-exempt interest.

12. Pursuant to 28 U.S.C. § 3205(c)(7), the Court shall issue an order of garnishment directing the Garnishee as to the disposition of the Defendant's non-exempt interest in the property, after the Garnishee files an answer and if no hearing is requested within the required time-period.

13. Based on the foregoing, the United States seeks an order directing MPD, within ten days of receiving a certified copy of the Order of Garnishment to: (1) permit the transfer of the Defendant's sixty-six and 2/3 shares (66 2/3) of the common stock of MPD, pursuant to the terms of the employment contract described in the garnishee's affidavit; (2) issue a replacement stock certificate for sixty-six and 2/3 shares in the name of Charles Engelstein; and (3) deliver the replacement stock certificate to Charles Engelstein in exchange for a check from Charles Engelstein, President of MPD, payable to the Clerk of the Court for the Eastern District of New York for $400,000.00, which shall be mailed or delivered by MPD to the Clerk of the Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, and shall reference "United States v. Thomas Blaha, CR-20-022 (JMA)" on its face.

14. A copy of the instant declaration and the accompanying proposed Order of Garnishment will be e-filed with the court and served on MPD through counsel.

**WHEREFORE**, the United States of America, respectfully requests that the Court issue an order, requiring that:

Within ten days of receipt of service of a certified copy of the Order of Garnishment,

Memory Protection Devices, Inc. shall: (1) permit the transfer of the Defendant's sixty-six and 2/3 shares (66 2/3) of the common stock of MPD, pursuant to the terms of the employment contract described in the garnishee's affidavit; (2) issue a replacement stock certificate for sixty-six and 2/3 shares in the name of Charles Engelstein; and (3) deliver the replacement stock certificate to Charles Engelstein in exchange for a check from Charles Engelstein, President of MPD, payable to the Clerk of the Court for the Eastern District of New York for $400,000.00, which shall be mailed or delivered by MPD to the Clerk of the Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, and shall reference "<u>United States v. Thomas Blaha</u>, CR-20-022 (JMA)" on its face.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to the United States, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or incurred in this action.

Dated: Brooklyn, New York
September 18, 2023

_____
DANIEL G. SAAVEDRA
Assistant U. S. Attorney